UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JENNIFER JOYCE DOUGLAS,<br><br>Defendant. | No.   1:16-CR-02085-SMJ<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION, SETTING SENTENCING, AND ESTABLISHING SENTENCING BRIEFING SCHEDULE** |

Before the Court is Magistrate Judge Dimke's February 16, 2018 Report and Recommendation, ECF No. 91, recommending that the Court find Defendant's plea of guilty is knowing, intelligent, and voluntary and is not induced by fear, coercion, or ignorance. No objections have been filed.

After reviewing the Report and Recommendation, and relevant authorities, the Court finds the Magistrate Judge's findings are correct. Therefore, the Court adopts the Report and Recommendation in its entirety.

However, acceptance of the plea agreement is deferred until sentencing when the Court will have the benefit of a Presentence Investigation Report.

//

//

ORDER **-** 1

Accordingly, **IT IS HEREBY ORDERED**:

1. The Report and Recommendation, **ECF No. 91**, is **ADOPTED** in its entirety.

2. The Court finds that Defendant's guilty plea to Counts One and Three is knowing, intelligent, and voluntary and is not induced by fear, coercion, or ignorance. The Court finds this plea is given with the knowledge of the charged Second Degree Murder and Discharge of A Firearm During the Commission of a Crime of Violence, the essential elements of the charged Second Degree Murder and Discharge of a Firearm During the Commission of a Crime of Violence, the Government's evidence of the charged Second Degree Murder and Discharge of a Firearm During the Commission of a Crime of Violence, and the consequences of pleading guilty. The Court further finds that the facts admitted to by Defendant in open court constitute the essential elements of the Second Degree Murder and Discharge of a Firearm During the Commission of a Crime of Violence charged.

3. Defendant's guilty plea to Counts One and Three is **ACCEPTED**.

4. All pending motions are **DENIED AS MOOT**.

5. The trial date is **STRICKEN**.

**6.** In the event an Order is entered permitting withdrawal of the guilty plea, Speedy Trial Act time will be calculated consistent with 18 U.S.C. § 3161(i).

**7.** The date of the sentencing is **Wednesday, June 13, 2018**, at **11:30 A.M.** in **YAKIMA**.

**8.** If a sentence of incarceration is imposed, Defendant shall be placed in custody at the time of sentencing. Sentencing will be scheduled for a total of forty-five (45) minutes. If it is believed that the sentencing hearing will last longer, counsel shall contact Chambers within fourteen (14) days of disclosure of the presentence investigation report. Pending sentencing, Defendant's detention status or release status shall remain pursuant to this court's previous order. The United States Probation Office shall prepare a timely presentence investigation report that will comply with the following schedule:

1. Not less than **thirty-five (35) days** prior to the sentencing hearing, the probation officer shall disclose the pre-sentence investigation report to the Defendant, counsel for Defendant, and the Government.

ORDER **-** 3

2. Within **fourteen (14) days** of the disclosure of the pre-sentence investigation report, counsel shall communicate in writing to the probation office any objections they may have as to factual errors or omissions; sentencing classifications; sentencing guideline ranges; and policy statements contained in or omitted from the report. Such communication may be oral initially but shall immediately be confirmed in writing to the probation officer and opposing counsel.

3. Also within **fourteen (14) days** of disclosure of the presentence investigation report, counsel shall file and serve all motions and memoranda pertaining to Defendant's sentence, including motions for downward or upward departures. Counsel shall utilize the following format when preparing initial memoranda which are limited to twenty pages (absent prior Court permission to file an over length brief): I. Base Offense Level & Enhancements, II. Departures, III. 18 U.S.C. 3553(a). Under the "Base Offense Level & Enhancements" section, counsel shall discuss whether the PSIR's Total Offense Level calculations (not including departures) are correct or incorrect, providing legal authority for the party's position.

Under the "Departure" section, counsel shall discuss whether a downward and/or upward departure is warranted under the Guidelines and provide legal authority for such position. Under the "18 U.S.C. 3553(a)" section, counsel shall discuss whether the resulting guideline range provides a reasonable sentence sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. 3553(a)(2), considering the other factors listed in 3553(a). The parties are limited to one reply of no more than 7 pages. No other pleadings are allowed without advance permission of the Court. **FAILURE TO FILE AND SERVE A MOTION FOR DOWNWARD DEPARTURE WITHIN 14 DAYS OF RECEIPT OF THE PRESENTENCE INVESTIGATION REPORT WILL BE DEEMED A WAIVER OF THE RIGHT TO DO SO.** The time frame for filing and serving responses to such motions shall be governed by Local Criminal Rule 45. Any request with regard to self-reporting shall be made to the probation office at the same time any objections/motions are filed.

4. After receiving counsel's objections, the probation officer shall conduct any further investigation and make any revisions to the presentence report that may be necessary. The probation officer may require counsel for both parties to meet with the officer to discuss unresolved factual and legal issues, and counsel shall make themselves available for that purpose.

5. At least **ten (10) days** prior to the date of the sentencing hearing the probation officer shall submit the presentence report to the sentencing judge. The report shall be accompanied by an addendum setting forth any objections counsel may have made, including those that have not been resolved, together with the officer's comments and recommendations thereon. The probation officer shall certify that the contents of the report other than sentencing recommendations, including any revisions or addenda, have been disclosed to counsel for Defendant and the Government, and that the addendum fairly states any remaining objections.

6. Except with regard to any written objection made under subdivision (a), the report of the presentence investigation and computations shall be accepted by the Court as accurate. For

good cause shown, however, the court may allow a new objection to be raised at any time before the imposition of sentence. In resolving disputed issues of fact, the court may consider any reliable information presented by the probation officer, Defendant, or the Government.

7. Nothing in this rule requires the disclosure of any portions of the presentence report that are not disclosable under Rule 32 of the Federal Rules of Criminal Procedure.

8. The presentence report shall be deemed to have been disclosed (1) when a copy of the report is physically delivered; or (2) one day after the availability of the report for inspection is orally communicated; or (3) three days after a copy of the report, or notice of its availability is mailed to counsel, whichever date is earlier.

9. Following sentencing, Defendant shall be taken into the custody of the United States Marshal Service unless (1) Defendant has been released prior to sentencing, (2) Defendant specifically requests the opportunity to self-report, and (3) Defendant demonstrates that he is a candidate for self-reporting. If Defendant requests the opportunity to self-report,

Defendant must demonstrate the financial ability to travel to a facility on the East Coast.

**IT IS SO ORDERED**. The Clerk's Office is directed to enter this order and to provide copies to counsel, the U.S. Probation Office, the U.S. Marshals Service, and Magistrate Judge Dimke.

**DATED** this 20th day of March 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER - 8