FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 27, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JENNIFER JOYCE DOUGLAS,<br><br>Defendant. | No.   1:16-cr-02085-SMJ<br><br>**ORDER DISMISSING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

Before the Court is Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, ECF No. 122, and construed Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, ECF No. 123. Having reviewed the relevant record, the Court dismisses Defendant's Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, ECF No. 123, and dismisses her Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, ECF No. 122 as moot in light of her amended petition.

**BACKGROUND**

On December 13, 2016, a grand jury returned an Indictment charging Defendant with Second Degree Murder, Attempted Murder, two counts of Discharge of a Firearm During the Commission of a Crime of Violence, and being

ORDER DISMISSING DEFENDANT'S § 2255 PETITION – 1

1   a Felon in Possession of a Firearm. ECF No. 20. On February 16, 2018, Defendant
2   pleaded guilty to Second Degree Murder and one count of Discharge of a Firearm
3   During the Commission of a Crime of Violence. ECF No. 90. As part of her plea
4   agreement, Defendant waived her right to collaterally attack her conviction and
5   sentence under 28 U.S.C. § 2255 or otherwise, except for ineffective assistance of
6   counsel based on facts later discovered. *Id.* at 13.

7   On June 13, 2018, the Court sentenced Defendant to 235 months'
8   imprisonment for Second Degree Murder and 120 months' imprisonment for
9   Discharge of a Firearm During the Commission of a Crime of Violence, to be served
10  consecutively for a total imprisonment term of 355 months. ECF No. 120. On
11  September 14, 2021, Defendant filed this instant motion under 28 U.S.C. § 2255
12  challenging her 18 U.SC. § 924(c) conviction under *United States v. Davis*, 139
13  S.Ct. 2319 (2019), as well as asserting an ineffective assistance of counsel claim.
14  ECF No. 122.

15                          **LEGAL STANDARD**

16  Under § 2255, a prisoner incarcerated pursuant to the judgment of a federal
17  court may move the sentencing court to vacate, set aside, or correct the sentence
18  because it "was imposed in violation of the Constitution or laws of the United
19  States, or that the court was without jurisdiction to impose such sentence, or that
20  the sentence was in excess of the maximum authorized by law, or is otherwise

subject to collateral attack." 28 U.S.C. § 2255(a). The statute enumerates a limited number of claims that are cognizable: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence imposed in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981).

A.   **Defendant's *Davis* claim is untimely**

Defendant first challenges the constitutionality of her 18 U.S.C 924(c) conviction in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), which invalidated 18 U.S.C. § 924(c)'s residual clause. ECF No. 123 at 5. Finding that Defendant has not timely presented her claim, the Court denies relief on this basis.

1.   **Statute of limitation and equitable tolling**

Section 2255 provides that "[a] 1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255(f). "That period begins to run from the latest of four different events," the one applicable here being "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Orona v. United States*, 826 F.3d 1196, 1198 (9th Cir. 2016) (quoting 28 U.S.C. § 2255(f)(3)); *see also United States v. Balva*, No. 2:15-

CR-0307-KJD-VCF, 2020 WL 1853315, at *3 (D. Nev. Apr. 13, 2020). Here, that date is June 24, 2019, the date the Supreme Court decided *Davis*. Defendant did not submit the instant petition until September of 2021—well past the 1-year period of limitation.

However, the statute of limitations contained in § 2255 is subject to equitable tolling. *United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004). A petitioner is entitled equitable tolling only if she shows "(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Here, Defendant submits that "due to COVID and access to law library due to strict movement at prison halted ability to research how to go about filing this motion." ECF No. 123 at 11. On this point, the Court agrees with the Government that Defendant has not shown that despite the impediment created by COVID-19, she was diligent in attempting to pursue her rights. Though the Court acknowledges the restraints associated with the pandemic, the Court cannot make an informed ruling on when any impediment began, when it abated, and whether the Defendant was sufficiently diligent in the periods before and after the impediment. Defendant therefore has not met her burden to demonstrate she is entitled to equitable tolling and the Court denies Defendant's challenge to her § 924(c) conviction on this basis.

ORDER DISMISSING DEFENDANT'S § 2255 PETITION – 4

### B. Defendant cannot show ineffective assistance of counsel

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 & n.14 (1970); *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). To establish that defense counsel provided ineffective assistance, the defendant must show "counsel's performance was deficient" and "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Failure to show either element defeats the claim. *Id.* at 697.

Deficient performance occurs if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. This standard requires "reasonableness under prevailing professional norms" and "in light of all the circumstances." *Id.* at 688, 690. The defendant must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To do so, the defendant must show counsel's performance cannot be explained as a legitimate strategic or tactical decision. *Id.* Prejudice occurs if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. This standard requires evaluating the totality of the record. *Id.* at 695.

Here, Defendant submits that trial counsel, Ken Therrien, failed to provide effective assistance of counsel. ECF No. 123. Defendant proffers two statements in

ORDER DISMISSING DEFENDANT'S § 2255 PETITION – 5

support of her claim. First, Defendant states that she "has reason to believe my counsel had ties to the victim resulting in a conflict of interest to defend me to the best of his abilities." *Id.* at 7. Defendant does not elaborate on this allegation. Additionally, Defendant submits that she "feel[s] [her] counsel's knowledge in the Federal Court was insufficient to defend me beyond the means of justice," again without elaboration. *Id.* at 6.

Based on Defendant's bald allegations and having considered the totality of the record, the Court finds that Defendant has not met her burden to show that Mr. Therrien provided ineffective assistance of counsel. Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief. *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1984). Defendant offers no specific facts supporting her allegations from which the Court can determine that her counsel's performance was deficient. Moreover, Defendant's waived her right to collaterally attack her conviction and sentence, "except for ineffective assistance of counsel *based on facts discovered after the plea and sentencing*." ECF No. 90 at 13. Defendant's petition does not state or otherwise indicate when she discovered the asserted deficiencies. Accordingly, the Court finds that Defendant has not met her burden to show that her counsel's performance was deficient and denies Defendant's petition on this basis.

//

ORDER DISMISSING DEFENDANT'S § 2255 PETITION – 6

//

**C.    A certificate of appealability shall not issue**

An unsuccessful petitioner under 28 U.S.C. § 2255 may only appeal the district court's adverse ruling after obtaining a "certificate of appealability" from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability should issue only where the petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). Such a showing is made when the Court determines "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 894 (1983)). Here, for the reasons described above, the Court cannot conclude Defendant has made the showing required for a certificate of appealability, and none shall issue.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, **ECF No. 123**, is **DISMISSED**.

2. Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, ECF No. 122, is **DISMISSED AS MOOT**.

//

**3.** A certificate of appealability is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order, enter judgment, provide copies to Defendant and the Government, and close the file.

**DATED** this 27th day of April 2022.

_____
SALVADOR MENDOZA, JR.
United States District Judge